TAYLOR, J.
 

 This appeal concerns the enforceability of a fifty-foot beach access easement for residents of Via del Lago in the Town of Palm Beach. Via del Lago is a private residential street which runs west from the Intracoastal Waterway to AIA. It is separated from the Atlantic Ocean by a strip of land east of AIA. The easement allows the Via del Lago residents access across this land to the beach. Appellant, Mary S. Conrad, is the current owner of property burdened by the easement. She appeals the final judgment upholding and enforcing appellees’ easement.
 

 Appellee Anne Young bought her property on Via del Lago in 1993. In 1999, she discovered from a survey that there were obstructions on a portion of her beach access easement. The servient property owners at the time, A. Allan Resnick and Mildred Resnick, had placed certain obstructions on the beach access easement, including a fence, barbecue grill, Jacuzzi, landscaping, and a paved driveway. When Via del Lago residents asked the Resnicks to remove the obstructions, they agreed as to some, but they were not willing to remove a three-foot bulkhead on the seawall. In February 2002, Young filed suit against the Resnicks, requesting declaratory judgment and injunctive relief as to her easement rights upon twenty-five feet of the north section of the Resnicks’ property. She sought an injunction to prevent the Resnicks from obstructing or blocking any portion of the easement.
 

 Young’s property was originally owned by the Phipps, who conveyed title to Diana Kristavi in 1937. When the Phipps conveyed the land to Kristavi, they granted her and her heirs and assigns:
 

 a right-of-way to the waters of the Atlantic Ocean fifty (50) feet in width over that portion of the beach lying east off the Ocean Boulevard and included within a line parallel to and ten feet north of the north line of the above private roadway
 
 [1]
 
 projected east, in a line parallel to and ten feet south of the south line of the above mentioned private roadway projected east.
 

 In 1949, the Phipps conveyed a large parcel of land, including the Resnicks’ property, to Bessemer Properties, Inc., “together with all the public and private easements, rights, privileges and heredita-ments thereunto belonging or in anywise appertaining” and “subject to all public and private easements encumbering the same.” Bessemer then conveyed the same property to Owen Roberts subject to:
 

 an easement over, across, in and upon the north twenty-five feet thereof for access to the ocean and for uses incidental to ocean bathing for the use and benefit of the owners, occupants and inhabitants of the lands bounded by the Ocean Boulevard and Lake Worth on the east and west respectively, and on the north and south by lines 478.08 feet and 913.98 feet, respectively, south of the south line of Vita Serena aforesaid.
 

 
 *1156
 
 The conveyance to Roberts was also subject to a restrictive covenant “not to obstruct the use of the easement over the north twenty-five feet of the premises.”
 

 The Resnicks took title to Roberts’ property in 1985. The deed stated that the conveyance was subject to “the easement reservation contained in the deed dated April 14, 1952 from Bessemer Properties, Incorporated, to Owen Roberts ...”
 

 In sum, based upon deeds dating from 1937 and 1949, the Via del Lago residents were granted a fifty-foot easement. After the easement was granted, the servient estate was subdivided at the midline of the easement, such that twenty-five feet is on the north parcel and twenty-five feet on the south parcel.- The easement covering the south parcel is the focus of this appeal.
 

 After Young filed her complaint, the Resnicks sold the property to Conrad, who substituted as party defendant in the case. Conrad raised affirmative defenses of statute of limitations, laches, and estoppel. She also filed a counterclaim and third-party complaint against the other residents of Via del Lago and Frank L. Chopin, whose property adjacent to the north of Conrad’s property was encumbered on the south by easement. She requested declaratory relief that the original Phipps easement and the Bessemer easement were unenforceable and that her improvements on the property did not interfere with or obstruct either easement.
 
 [2]
 

 After the close of the evidence, the court denied Conrad’s motion to amend her pleadings to assert a claim for adverse possession because the issue was not tried by consent, there was no showing that there had been seven years of adverse possession which was “continuous, adverse and exclusive of any right, the predecessors in title acknowledged the existence and validity of the easement, and the objecting parties would be prejudiced by such amendment.”
 

 The trial court also denied Conrad’s motion for directed verdict on her statutory laches defense, stating in its final judgment that the “uncontroverted evidence before the court is that the easement owners first discovered the encroachment of the Easement on the Conrad property in 1999. The Easement Owners did not sit on those rights nor has there been any proof of the issue of reliance: accordingly, this action is not barred by the doctrine of laches.”
 

 The trial court’s final judgment declared that the easement was valid. It stated that neither the Phipps nor the Bessemer deed was ambiguous and that the court therefore was only permitted to consider the plain language of the deeds to determine the location and width of the easement. The court further found that, as to equitable defenses, the equities lie against Conrad because she purchased the property with knowledge of the pending suit.
 

 In the final judgment, after granting the third party defendants and Young declaratory relief, the trial court entered an injunction preventing Conrad and her successors in title from obstructing the use of the easement.
 

 The court also ordered Conrad to remove the existing obstructions, including a
 
 *1157
 
 three-foot bulkhead which had been added to a seawall.
 
 [3]
 

 Conrad argues on appeal that the trial court erred in denying her motion for directed verdict on the statutory laches defense because neither Young nor the other Via del Lago residents brought suit for enforcement of their easement rights within five years of being put on notice of the obstructions. The limitations period for actions to enforce an easement is five years after discovery of its breach. § 95.11(2)(b), Fla. Stat. (2002). According to appellant, the testimony at trial showed that since 1985 her predecessors in title treated the southern twenty-five feet of the easement as their private property, enclosing it with a fence, hedge, driveway, seawall, and other obstructions, and that the easement holders always used the northern twenty-five feet of the easement for ocean access because of these obstructions. Hence, they abandoned their easement and failed to take action within five years.
 

 Young and the third party defendants/easement holders argue that their cause of action did not accrue until they were prevented from using the easement by someone claiming adversely to their rights. They argue that the undisputed evidence in the record proves that the residents had continuous use of the easement and were never actually prevented from using the easement to reach the beach because of the encroachments. Testimony showed that when the 1999 survey revealed certain encroachments on a portion of the fifty-foot easement — a fence, sea grapes, barbeque, Jacuzzi tub, pavers, light pole, and the seawall — Via del Lago residents approached the Resnicks, who acknowledged the validity of the easement and agreed to remedy the situation by removing these obstructions, except for the seawall because of the expense. Indeed, Conrad, the successor servient owner, testified at trial that the easement was valid and that she did not intend to restrict or obstruct the use of the easement:
 

 Q. So it is fair to say that you would like to be able to grant some or have some additional security of your property but you are not trying to obstruct the ability of the residents from using your property?
 

 A. I don’t think I’ve ever held the position that I would obstruct known owners of Via del Lago from crossing my property and going to use the beach. I have never held that position even though I have been advised that I could put into doubt their so called easement, whatever.
 

 According to appellees, they were never barred from using their easement and the servient owners’ use did not prevent them from using the easement. They contend they had continuous access to the beach, and thus the time limitation for statutory laches did not begin to run until they unsuccessfully sought to remove the Res-nicks’ encroachments from their easement after the 1999 survey.
 

 When an appellate court reviews the trial court’s denial of a motion for directed verdict, it must “view the evidence and all inferences in a light most favorable to the non-movant, and should reverse if no proper view of the evidence could sustain a verdict in favor of the non-movant.”
 
 Weinstein Design Group, Inc. v.
 
 
 *1158
 

 Fielder,
 
 884 So.2d 990, 997 (Fla. 4th DCA 2004).
 

 Under Florida law, the following must be commenced within five years:
 

 A legal or equitable action on a contract, obligation, or liability founded on a written instrument, except for an action to enforce a claim against a payment bond, which shall be governed by the applicable provisions of ss. 255.05(2)(a)2 and 713.23(l)(e).
 

 § 95.11(2)(b), Florida Statutes (2002). Moreover,
 

 Laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his or her rights and whether the person sought to be held liable is injured or prejudiced by the delay...
 

 § 95.11(6), Fla. Stat. (2002). The statutory laches provision applies to actions involving easements.
 
 See Carlton v. Germany Hammock Groves,
 
 803 So.2d 852, 856 (Fla. 4th DCA 2002).
 

 As we explained in
 
 Garitón,
 
 “[a] cause of action for an easement accrues when an adverse party prevents use of the easement.” 803 So.2d at 856 (citing
 
 Estate of Johnston v. TPE Hotels, Inc.,
 
 719 So.2d 22, 26 (Fla. 5th DCA 1998)). Here, the undisputed evidence was that the Via del Lago residents were never denied the use of the easement and continuously had access to the beach. Under Florida law, the servient owner has the right to use the easement in common with the easement holders, and it is presumed that any such use of the easement is permissive.
 
 See Crigger v. Fla. Power Corp.,
 
 436 So.2d 937, 948 (Fla. 5th DCA 1983). No cause of action accrues until such time as the ser-vient owners’ use is hostile or until the easement holders retract permission for the servient owners’ use.
 
 Id.; Hollywood, Inc. v. Zinkil,
 
 403 So.2d 528, 535 (Fla. 4th DCA 1981). As noted in
 
 Estate of Johnston,
 
 wherein the plaintiffs claim was deemed timely, “there was no need for [the easement holder] to claim her right to use the easement until she was barred from its use by a party claiming adversely to her.” 719 So.2d at 26.
 

 Here, the record is devoid of any evidence that Conrad and the predecessor owners of her property intended to prevent Young and the other Via del Lago residents from using the easement or to deny them access by the obstruction. Rather, Conrad testified that the obstructions were placed on the property to provide additional privacy, aesthetics, security, and storm protection, without denying access to the easement holders.
 
 See, e.g., Bentz v. McDaniel,
 
 872 So.2d 978 (Fla. 5th DCA 2004) (holding that servient owner did not extinguish easement by adverse possession although he built bulkhead on river side of easement and planted a grapefruit tree and some shrubbery in the easement). Because there was no evidence in this case that the servient owners’ use of the property was hostile or adverse to the easement owners until 1999, when the servient owners refused their request to remove certain encroachments, the trial court did not err in denying Conrad’s motion for directed verdict on her statutory laches defense.
 

 Conrad also argues on appeal that the trial court committed fundamental eiTor in ordering her to lower her seawall and remove sea grapes within the easement. She submits that compliance with this portion of the injunctive relief in the final judgment would cause her to commit violations of local and state laws. In support,
 
 *1159
 
 she requests that we take judicial notice of Rule 62B-33.005 of Florida’s Administrative Code and the Department of Environmental Protection’s guidelines governing sea grape trimming and sea turtles and guidelines for obtaining permits to construct in the beach and dune system.
 

 Appellees object to our judicially noticing these matters and finding fundamental error based on Conrad’s inability to comply with the order. They argue that these issues are being raised for the first time on appeal, and that no evidence or testimony was presented to the trial court regarding how these rules and guidelines apply to Conrad’s property and what efforts, if any, Conrad has made to comply with the final judgment. We agree that, on this record, we cannot determine whether Conrad can legally comply with the order to lower her seawall and remove sea grapes, as such determination at this time would call for speculation as to whether she can obtain the necessary permits, waivers, or variances or successfully pursue administrative remedies. We are thus unable to find that the court’s order constitutes fundamental error as contrary to the law.
 

 Based on the foregoing, we affirm the judgment in all respects.
 

 Affirmed.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 . Via del Lago is the roadway referred to in the deed.
 

 [2]
 

 . The third party defendants named in Conrad's counterclaim were seventeen individuals who could claim the same or similar easement rights over Conrad’s property by virtue of owning property at Via del Lago. Conrad also named Frank L. Chopin as a third party defendant because he owned the property adjacent to the north of Conrad’s property. Chopin stipulated to the existence and validity of the twenty-five-foot easement across the southern edge of his parcel, and he was accordingly dismissed from the case.
 

 [3]
 

 . According to appellees' brief, the parties agreed at trial that the only unresolved problem was the seawall. The resident/easement holders testified that they were not seeking removal of a six-foot sea grape that had grown on the southern twenty-five feet of the easement.